# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA DELGADO and CARLOS LEVARIO, Individually and as Representatives of the ESTATE OF P.L., a Deceased Minor, | § § § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | NO. |
| DOREL JUVENILE GROUP, INC. | § § | |
| Defendant. | § § | |

## INDEX OF MATTERS FILED

In Cause No. DC-15-04739, *Jessica Delgado and Carlos Levario, Individually and as Representatives of The Estate of Priscilla Levario, A Deceased Minor, v. Dorel Juvenile Group, Inc.*; in 14th District Court, Dallas County, Texas:

| Exhibit | Document Filed | Date Filed |
|---|---|---|
| A-1 | Dallas County Docket Sheet | -- |
| A-2 | Plaintiff's Original Petition and Request for Disclosure | April 27, 2015 |
| A-3 | Citation | April 30, 2015 |
| A-4 | Notice of Dismissal For Want of Prosecution | May 26, 2015 |
| A-5 | Dorel Juvenile Group, Inc.'s Original Answer to Plaintiffs' Original Petition | June 5, 2015 |
| A-6 | Notice of Trial Setting | June 10, 2015 |
| A-7 | Notice of Removal | June 17, 2015 |

Respectfully submitted,

/s/ _____

ANTHONY A. AVEY
Texas State Bar No. 00790250
Email:  tavey@aveylaw.com
AVEY & ASSOCIATES, PLLC
14255 Blanco Road
San Antonio, Texas 78216
Telephone:  210-308-6600
Facsimile:  210-308-6939

**ATTORNEYS FOR DEFENDANT,
DOREL JUVENILE GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded to all known counsel of record as set forth below in compliance with the TEXAS RULES OF CIVIL PROCEDURE on this ___17th___ day of June, 2015:

E. Todd Tracy
Stewart D. Matthews
Andrew G. Counts
The Tracy Law Firm
5473 Blair Road, Suite 200
Dallas, Texas 75231
Telephone:  (214) 324-9000
Facsimile:  (972) 387-2205

/s/ _____
Anthony A. Avey

Skip to Main Content Logout My Account Search Menu New Civil District Search Refine Search Back   Location : All District Civil Courts   Images Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-04739

| JESSICA DELGADO, et al vs. DOREL JUVENILE GROUP, INC., | §<br>§<br>§<br>§<br>§ | Case Type: **OTHER (CIVIL)**<br>Date Filed: **04/27/2015**<br>Location: **14th District Court** |
|---|---|---|

---

### PARTY INFORMATION

| | | | **Lead Attorneys** |
|---|---|---|---|
| **DEFENDANT** | DOREL JUVENILE GROUP, INC., | | **ANTHONY A AVEY**<br>*Retained*<br>210-477-7400(W) |
| **PLAINTIFF** | DELGADO, JESSICA | | **E TODD TRACY**<br>*Retained*<br>214-324-9000(W) |
| **PLAINTIFF** | LEVARIO, CARLOS | | **E TODD TRACY**<br>*Retained*<br>214-324-9000(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**
| | |
|---|---|
| 04/27/2015 | NEW CASE FILED (OCA) - CIVIL |
| 04/27/2015 | ORIGINAL PETITION<br>*Petition* |
| 04/27/2015 | ISSUE CITATION |
| 04/30/2015 | CITATION<br>DOREL JUVENILE GROUP, INC.,       Unserved |
| 05/26/2015 | NOTICE OF DISMISSAL FOR WANT OF PROSECUTION<br>*MAILED* |
| 06/05/2015 | ORIGINAL ANSWER - GENERAL DENIAL |
| 06/10/2015 | NOTICE OF TRIAL<br>*MAILED - LVL. 3* |
| 06/29/2015 | CANCELED DISMISSAL FOR WANT OF PROSECUTION (11:00 AM) (Judicial Officer MOYE', ERIC)<br>*BY COURT ADMINISTRATOR* |
| 07/10/2015 | Status Conference (10:00 AM) (Judicial Officer MOYE', ERIC)<br>*NOT A HEARING - HAS S/O BEEN RECEIVED?* |
| 04/26/2016 | Non Jury Trial (9:30 AM) (Judicial Officer MOYE', ERIC) |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **PLAINTIFF DELGADO, JESSICA**<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 06/16/2015** | | | 292.00<br>292.00<br>**0.00** |
| 04/28/2015 | Transaction Assessment | | | 292.00 |
| 04/28/2015 | CREDIT CARD - TEXFILE<br>(DC)   Receipt # 24693-2015-DCLK | | DELGADO, JESSICA | (292.00) |

1 CT-ATTY

FILED
DALLAS COUNTY
4/27/2015 3:37:04 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

Cause No. DC-15-04739

| | | |
|---|---|---|
| Jessica Delgado and Carlos Levario, | § | In the District Court |
| Individually and as | § | |
| Representatives of | § | |
| The Estate of Priscilla Levario, | § | |
| A Deceased Minor, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | Dallas County, Texas |
| | § | |
| Dorel Juvenile Group, Inc., | § | |
| | § | |
| *Defendant.* | § | _____ Judicial District |

## PLAINTIFFS' ORIGINAL PETITION & REQUESTS FOR DISCLOSURE

**To the Honorable Judge of Said Court:**

COME NOW, Jessica Delgado and Carlos Levario, both in their individual capacities and as representatives of the Estate of Priscilla Levario, a deceased minor (hereinafter referred to as "Plaintiffs"), and respectfully file this Original Petition & Requests For Disclosure against Dorel Juvenile Group, Inc. (hereinafter referred to as "Defendant"), and in support thereof would state and show the following:

### I. Discovery Control Plan

1.    Plaintiffs intend to conduct discovery under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. Parties

2.     Plaintiffs Jessica Delgado and Carlos Levario are the surviving parents of Priscilla Levario, a deceased minor. Plaintiffs reside in and are citizens of Odessa, Texas.

3.     Defendant Dorel Juvenile Group, Inc., is a Massachusetts corporation with its principal place of business at 2525 State Street, Columbus, Indiana. Service of process upon Defendant Dorel Juvenile Group, Inc. can be had by serving its registered agent for service, David Taylor, 2525 State Street, Columbus, Indiana 47201.

## III. Tex. R. Civ. P. 47

4.     As a general matter, Plaintiffs' counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Plaintiffs in this case won't be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages. The jury will also be reminded of the value that we as free Americans place on human life and our right to be free from pain and suffering and to pursue happiness however we see fit. Despite all of the foregoing, and despite the many objections lodged by both the defense bar and the plaintiff bar, the rules now provide that a plaintiff must state how much money a plaintiff is seeking in a given suit. Therefore, due to the new rules put in place in 2013, and pursuant to Texas Rule of Civil Procedure 47(c)(5), Plaintiffs hereby state that they are seeking monetary relief of over $1,000,000.

## IV. Facts

5.     On or about April 26, 2013, Priscilla Levario was riding in a 2008 Chevrolet Silverado (VIN#3GCEC13J086275852), traveling westbound on FM1936, in Ector County, Texas, when her vehicle was struck by another vehicle being driven by Michael Helms.

6.     At the time of the accident, Priscilla Levario was a rear-seat passenger and was seated in an Alpha Omega Elite 5 point harness, manufactured November 2009.

7.     The subject car seat was designed, manufactured, marketed, assembled, distributed, and/or tested by the Defendant.

8.     The buckle on the car seat was reversed, which prevents the buckle from actually buckling. Once loaded, the reversed buckle failed to stay buckled and allowed the buckle to unlatch and eject Priscilla Levario.

## V. Cause(s) of Action as to Defendant

9.     It was entirely foreseeable to and well-known by Defendant that accidents and incidents involving its child seats, such as occurred herein, would on occasion take place during the normal and ordinary use of said child seat.

10.     The injuries and damages complained of occurred because the product in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents. The child seat in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

11.  Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said child seat in question.

12.  Defendant either knew or should have known of at least one safer alternative design which would have prevented the accident and/or the injuries complained of herein.

13.  Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the child seat was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew and/or should have known of the following, non-exhaustive list of defects:

    a.    a manufacturing defect exist because the buckle is reversed which prevents proper buckling;

    b.    the manufacturing defect violated principles of crashworthiness;

    c.    the manufacturing defect violated FMVSS 213;

    d.    the manufacturing defect prevented proper restraint;

    e.    the manufacturing defect allowed a child that was believed to be buckled to actually be ejected because the buckle cannot latch completely;

    f.    if the buckle had been installed properly, it would have stayed buckled and no ejection would have occurred;

    g.    alternatively, the buckle can rotate around rather than being firmly affixed which prevents proper restraint;

    h.    because the buckle can rotate around rather than being firmly affixed, this is a design defect;

    i.    because the buckle can rotate around, this violates principles of crashworthiness;

j.    Defendant was negligent for not conducting the appropriate testing; and/or

k.    Defendant failed to conduct thorough engineering analysis.

14.  Defendant was negligent in the design, manufacture, assembly, marketing, and/or testing of the child seat in question.

15.  The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages.

16.  The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the fatal injuries to the minor Plaintiff, Priscilla Levario.

## VI. Damages to Plaintiffs

17.  As a result of the acts and/or omissions of the Defendant, the Plaintiffs seek all elements of damage available under Texas law including, but not limited to, the following:  reasonable and necessary funeral and burial expenses as a result of the fatal injuries to Priscilla Levario; pain and suffering, extreme emotional distress, mental anguish and loss of consortium as a result of the fatal injuries to Priscilla Levario; mental anguish and emotional distress over the shock from the sensory and contemporaneous observance of the death of Priscilla Levario, a deceased minor.

18.  Plaintiffs further seek pre-judgment and post-judgment interest as allowed by law.

19.  Plaintiffs reserve the right to amend this complaint by adding additional counts as discovery continues.

20. The above and foregoing acts and/or omissions of Defendant, resulting in the fatal injuries Priscilla Levario, have caused actual damages to Plaintiffs in an amount within the minimum jurisdictional limits of this Court.

## VII. Intent to Use Defendant's Documents

21. In accordance with Texas Rule of Civil Procedure Rule 193.7, Plaintiffs hereby notify Defendant that any and all documents produced to Plaintiffs by Defendant in response to written discovery requests may be used at any pretrial proceeding, as well as entered into evidence at the final trial of this cause, and are considered authenticated as to producing parties by the fact of production itself.

## VIII. Conclusion and Prayer

22. For the reasons presented herein, Plaintiffs pray that Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recover judgment against Defendant for:

      a.    economic and non-economic damages;
      b.    prejudgment and post-judgment interest;
      c.    costs of suit; and
      d.    all other relief, general and special, to which Plaintiffs are entitled to at law and/or in equity, and/or which the Court deems proper.

## IX. Requests for Disclosure

23. Under Texas Rule of Civil Procedure 194, Plaintiffs hereby request that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

The TRACY firm


___/s E. Todd Tracy_____
E. Todd Tracy (Attorney-in-Charge)
Texas State Bar No. 20178650
EToddTracy@vehiclesafetyfirm.com
Stewart D. Matthews
State Bar No. 24039042
SMatthews@vehiclesafetyfirm.com
Andrew G. Counts
Texas State Bar No. 24036408
ACounts@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, Texas  75231
(214) 324-9000 – Phone
(972) 387-2205 – Fax

Attorneys for Plaintiffs

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

| | ATTY |
|---|---|
| | **CITATION** |
| | DC-15-04739 |

**To:**

    DOREL JUVENILE GROUP, INC.,
    BY SERVING ITS REGISTERED AGENT DAVID TAYLOR
    2525 STATE STREET
    COLUMBUS IN 47201

JESSICA DELGADO, et al
vs.
DOREL JUVENILE GROUP, INC.

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 14th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

ISSUED THIS
30th day of April, 2015

Said Plaintiff being JESSICA DELGADO

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

Filed in said Court 27th day of April, 2015 against

DOREL JUVENILE GROUP, INC.,

By: PATRICIA ELLIOTT, Deputy

For Suit, said suit being numbered DC-15-04739, the nature of which demand is as follows:
Suit on OTHER (CIVIL) etc. as shown on said petition REQUEST FOR DISCLOSURE, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**Attorney for Plaintiff**
E TODD TRACY
5473 BLAIR ROAD
SUITE 200
DALLAS    TX 75231
214-324-9000

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of April, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
PATRICIA ELLIOTT

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

**OFFICER'S RETURN**

Case No.: DC-15-04739

Court No.14th District Court

Style: JESSICA DELGADO, et al

vs.

DOREL JUVENILE GROUP, INC.,

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____ .M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____ , by delivering to the within named _____

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | _____ |
| For mileage | $_____ | of _____ County, _____ |
| For Notary | $_____ | By _____ |
| | | | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____

to certify which witness my hand and seal of office.   before me this _____ day of _____, 20_____

_____
Notary Public _____ County

_____
_____ County



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

May 26, 2015

FILE COPY

DC-15-04739
JESSICA DELGADO, et al  vs.  DOREL JUVENILE GROUP, INC.,

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**June 29, 2015** at **11:00 AM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
E TODD TRACY
5473 BLAIR ROAD
SUITE 200
DALLAS          TX 75231

CAUSE NO. DC-15-04739

| | | |
|---|---|---|
| JESSICA DELGADAO AND CARLOS | § | IN THE DISTRICT COURT |
| LEVARIO, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF PRISCILLA LEVARIO, A DECEASED | § | |
| MINOR | § | |
| | § | |
| Plaintiffs, | § | 14TH  JUDICIAL DISTRICT |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| DOREL JUVENILE GROUP, INC. | § | |
| | § | DALLAS COUNTY, TEXAS |
| Defendant. | § | |
| | § | |
| | § | |

**DOREL JUVENILE GROUP, INC.'S
ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, DOREL JUVENILE GROUP, INC. ("DJG"), Defendant in the above-styled and numbered cause, and files its Original Answer to Plaintiffs' Original Petition, and would respectfully show the following:

## I.
## GENERAL DENIAL

Defendant generally denies each and every material allegation contained in Plaintiffs' Original Petition and/or other live pleadings, and demands strict proof thereof, and to the extent that such matters are questions of fact, says that Plaintiffs should prove such facts by a preponderance of the evidence, clear and convincing evidence, or such other evidence as the law may require, and upon this denial, demands a trial of the issues before a jury on all issues.

## II.
## AFFIRMATIVE DEFENSES
### FIRST DEFENSE

Any damages to Plaintiffs were caused, in whole or in part, by negligent acts or omissions of third parties not subject to DJG's control. These acts or omissions, whether considered together or separately, were proximate and/or producing causes of Plaintiffs' alleged acts and injuries.

### SECOND DEFENSE

Any damages or injuries arising, pertaining or related to Plaintiffs were caused, in whole or in part, by acts or omissions constituting negligence or other fault on the part of Plaintiffs. Such acts or omissions, whether considered together or separately, were the sole and/or proximate and/or producing causes of the alleged occurrence and injuries.

### THIRD DEFENSE

DJG further pleads that the injuries made the basis of this lawsuit were the result of an intervening, independent or superseding cause.

### FOURTH DEFENSE

Alternatively, DJG pleads the defense of sole proximate cause.

### FIFTH DEFENSE

DJG further pleads that the conduct of Plaintiffs should be considered and evaluated by the jury as the cause of the alleged occurrence and injuries. The conduct of all parties to the lawsuit and any person or entity which may be at fault or has settled claims against it should be compared by the jury pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code.

### SIXTH DEFENSE

Any recovery by Plaintiffs may be barred or reduced by the alteration or misuse of the product and/or failure to read or heed the warnings and instructions accompanying the product by Plaintiffs or other persons over whom Defendant had no control.

### SEVENTH DEFENSE

DJG maintains that Plaintiffs' claims are subject to the restrictions found in TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.001, *et seq.*

### EIGHTH DEFENSE

DJG complied with all applicable statutes and regulations existing at the time of manufacture that prescribed standards for design, inspection, testing, manufacture, labeling, packaging, warning, or instructions for the use of the product and, therefore, a rebuttable presumption exists that the product was not unreasonably dangerous pursuant to Tex. Civ. Prac. & Rem. Code §82.008.

### NINTH DEFENSE

The design, manufacture and marketing of the subject product was in conformity with the prevailing state of the art in the industry at the time the product was first sold.

### TENTH DEFENSE

DJG may be entitled to a set-off in the event Plaintiffs receive payment from any source relating to the accident in accordance with Tex. Civ. Prac. & Rem. Code Ann. § 33.012(b).

## ELEVENTH DEFENSE

DJG committed no act or omission that was fraudulent, malicious, oppressive, willful, wanton, reckless, or grossly negligent, and therefore, any award of punitive damages is barred.

## TWELFTH DEFENSE

While DJG denies that it is liable for punitive damages, any award of punitive damages by a jury under Texas law cannot be sustained when that jury:   (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth and corporate status of DJG; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiffs' burden of proof with respect to each and every element of a claim for punitive damages; or (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, as that would violate DJG's due process and equal protection rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution and by Article I, Section 19 of the Texas Constitution, and would be improper under the common law and public policies of the state of Texas.

### THIRTEENTH DEFENSE

While DJG denies that it is liable for punitive damages, it states that Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under Texas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose and providing no protection against multiple awards for the same course of conduct, would violate DJG's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution and by Article I, Section 19 of the Texas Constitution, and would also violate DJG's right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution, and Article I, Section 13 of the Texas Constitution, and would be improper under the common law and public policies of the state of Texas.

### FOURTEENTH DEFENSE

While DJG denies that it is liable for punitive damages, it states that Plaintiffs' claim for punitive damages cannot be sustained because Texas law regarding the standards for determining liability for punitive damages failed to give DJG prior notice of the conduct for which punitive damages may be imposed and is void for vagueness in violation of DJG's due process rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Texas Constitution, and would be improper under the common law and public policies of the state of Texas.

### FIFTEENTH DEFENSE

DJG reserves the right to further amend this answer at such time as discovery and investigation have been completed.

## III.
## REQUEST FOR JURY TRIAL

Pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, DJG hereby formally makes this demand for a jury trial in this litigation.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, DOREL JUVENILE GROUP, INC., Defendant, respectfully prays Plaintiffs have and recover nothing, and that DJG recover all its costs. DJG further respectfully prays for such further relief to which it may show itself justly entitled either in law or equity.

Respectfully submitted,

Anthony A. Avey
Texas State Bar No. 00790250
AVEY & ASSOCIATES, PLLC
14255 Blanco Road
San Antonio, Texas 78216
Telephone: 210-308-6600
Facsimile: 210-308-6939
E-mail: tavey@aveylaw.com

**ATTORNEYS FOR DEFENDANT,
DOREL JUVENILE GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded to all known counsel of record as set forth below in compliance with the TEXAS RULES OF CIVIL PROCEDURE on this 5th<sup>th</sup> day of June, 2015:

E. Todd Tracy
Stewart D. Matthews
Andrew G. Counts
The Tracy Law Firm
5473 Blair Road, Suite 200
Dallas, Texas 75231
Telephone:  (214) 324-9000
Facsimile:  (972) 387-2205

_____
Anthony A. Avey

14TH DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET, ROOM 360
DALLAS, TEXAS 75202-4606
Chambers of JUDGE ERIC V. MOYÉ

June 10, 2015

E. TODD TRACY
5473 BLAIR RD., STE. 200
DALLAS, TX 75231

ANTHONY AVEY
14255 BLANCO RD.
SAN ANTONIO, TX 78216

RE: DC-15-04739-A JESSICA DELGADO, et al v DOREL JUVENILE GROUP, INC.

ALL COUNSEL OF RECORD AND PRO SE PARTIES:
Please take note of the following settings:

(1)     Jury trial:
(2)     Non-Jury trial:     APRIL 26, 2016 @ 9:30 A.M.

**THIS IS A LEVEL 3 CASE.   THE PARTIES SHOULD PREPARE THEIR OWN
AGREED SCHEDULING ORDER (WHICH MUST INCLUDE MEDIATION) AND
SUBMIT IT TO THE COURT WITHIN 30 DAYS OF THIS NOTICE. IF NO
AGREEMENT IS REACHED, PLEASE ADVISE THE COURT.**

Trial announcements must be made in accordance with Rule 3.02, Dallas Civil Court
Rules.

When no announcement is made for defendant, defendant will be presumed ready. If
plaintiff fails to announce or to appear at trial, the case will be dismissed for want of
prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Plaintiff/Plaintiff's counsel shall serve a copy of this notice on any currently named
defendant(s) answering after this date.

Sincerely,

_____
ERIC V. MOYÉ
DISTRICT JUDGE
14TH DISTRICT COURT

CAUSE NO. DC-15-04739

| | | |
|---|---|---|
| JESSICA DELGADAO AND CARLOS LEVARIO, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF PRISCILLA LEVARIO, A DECEASED MINOR | § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | 14TH JUDICIAL DISTRICT |
| vs. | § § § | |
| DOREL JUVENILE GROUP, INC. | § § § § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## NOTICE OF REMOVAL OF ACTION

**PLEASE TAKE NOTICE** that on June 17, 2015, the undersigned counsel removed this action to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

/s/ _____

Anthony A. Avey
Texas State Bar No. 00790250
Email: tavey@aveylaw.com
AVEY & ASSOCIATES, PLLC
14255 Blanco Road
San Antonio, Texas 78216
Telephone: 210-308-6600
Facsimile: 210-308-6939

**Attorney for Dorel Juvenile Group, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded to all known counsel of record as set forth below in compliance with the TEXAS RULES OF CIVIL PROCEDURE on this __17th__ day of June, 2015:

E. Todd Tracy
Stewart D. Matthews
Andrew G. Counts
The Tracy Law Firm
5473 Blair Road, Suite 200
Dallas, Texas 75231
Telephone:  (214) 324-9000
Facsimile:  (972) 387-2205

/s/ _____
Anthony A. Avey

2

CAUSE NO. DC-15-04739

| | | |
|---|---|---|
| JESSICA DELGADAO AND CARLOS LEVARIO, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF PRISCILLA LEVARIO, A DECEASED MINOR | § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | 14TH JUDICIAL DISTRICT |
| vs. | § § § | |
| DOREL JUVENILE GROUP, INC. | § § § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## NOTICE OF REMOVAL OF ACTION

**PLEASE TAKE NOTICE** that on June 17, 2015, the undersigned counsel removed this action to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

/s/ _____

Anthony A. Avey
Texas State Bar No. 00790250
Email: tavey@aveylaw.com
AVEY & ASSOCIATES, PLLC
14255 Blanco Road
San Antonio, Texas 78216
Telephone: 210-308-6600
Facsimile: 210-308-6939

**Attorney for Dorel Juvenile Group, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded to all known counsel of record as set forth below in compliance with the TEXAS RULES OF CIVIL PROCEDURE on this __17th__ day of June, 2015:

E. Todd Tracy
Stewart D. Matthews
Andrew G. Counts
The Tracy Law Firm
5473 Blair Road, Suite 200
Dallas, Texas 75231
Telephone: (214) 324-9000
Facsimile: (972) 387-2205

/s/
Anthony A. Avey