IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA DELGADO and CARLOS LEVARIO, Individually and as Representatives of the ESTATE OF P.L., a Deceased Minor, | § § § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 3:15-CV-2067-D |
| VS. | § § | |
| DOREL JUVENILE GROUP, INC., | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

This is a removed action arising from the death of P.L., a minor, who was ejected from her child seat in an automobile accident. Plaintiffs allege that defendant Dorel Juvenile Group, Inc. ("Dorel") designed, manufactured, marketed, assembled, distributed, and/or tested the car seat (alone or in conjunction with others) and is liable on various product liability theories for P.L.'s death and plaintiffs' injuries caused by her death. Dorel moves to transfer the case to the Western District of Texas, Midland-Odessa Division—where the accident occurred—pursuant to 28 U.S.C. § 1404(a) for the convenience of parties and witnesses, in the interest of justice. Plaintiffs have not responded to the motion,[1] and the court now grants it for the following reasons.[2]

---

[1] Dorel filed the motion on July 15, 2015. Plaintiffs' response was therefore due August 5, 2015. *See* N.D. Tex. Civ. R. 7.1(e). The motion is now ripe for decision.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

28 U.S.C. § 1404(a) codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, ___ U.S. ___, 134 S.Ct. 568, 580 (2013). It provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When deciding a motion to transfer under § 1404(a), the court first considers "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) ("*Volkswagen I*"). Once the court resolves this issue, it must in deciding whether to transfer the case evaluate "a number of private and public interest factors, none of which are given dispositive weight." *Volkswagen I*, 371 F.3d at 203 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law.

*Id.* (citations omitted; bracketed material added). "Although [these] factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Dorel must establish good cause for transferring the case, meaning that it must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice.

It is undisputed that the Western District of Texas is a judicial district in which this suit could have been filed. Under 28 U.S.C. § 1391(b), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiffs allege in their state-court petition that the accident occurred in Ector County, Texas, which is located within the Western District of Texas (and, in fact, within the Midland-Odessa Division). *See* 28 U.S.C. § 124(d)(7). As Dorel points out, plaintiffs filed another lawsuit in the Western District of Texas, Midland-Odessa Division, against General Motors, LLC, arising from the same accident (that suit has since settled and been dismissed). *See* D. Br. 2; D. App. 21-27 (copy of complaint and civil cover sheet).

Because plaintiffs have not responded to Dorel's motion, the court need not extensively discuss its consideration of the private and public interest factors. The accident occurred in Ector County, Texas. Both plaintiffs are both residents of Odessa, Texas. The driver of the vehicle who struck the vehicle in which P.L. was riding (and who died at the scene) resided in Odessa. At least four witnesses to the accident reside in Odessa. The bodies of P.L. and the deceased driver were transported to the Ector County Medical Examiner's Officer following the accident, and plaintiffs were treated at the Medical Center Hospital in Odessa. All of the private interest factors—the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, the cost of attendance for willing witnesses, and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive—favor transferring the case. Three of the public concerns—the administrative difficulties flowing from court congestion, the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws or the application of foreign law—are neutral, and one public

concern—the local interest in having localized interests decided at home—favors transfer.

Accordingly, having considered the private and public interest factors, the court concludes that the Western District of Texas is more convenient when compared to the Northern District of Texas. The court grants Dorel's motion to transfer, and it transfers this action to the Western District of Texas, Midland-Odessa Division, under 28 U.S.C. § 1404(a). The clerk of court is directed to effect the transfer according to the usual procedure.

**SO ORDERED**.

August 20, 2015.

                                                SIDNEY A. FITZWATER
                                                UNITED STATES DISTRICT JUDGE