UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARLOS LEVARIO AND JESSICA DELGADO, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF P.L., A DECEASED MINOR,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>DOREL JUVENILE GROUP, INC.,<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 7:15–CV–125–DAE |

ORDER GRANTING DOREL JUVENILE GROUP, INC.'S UNOPPOSED
MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES

　　　Before the Court is Defendant Dorel Juvenile Group, Inc.'s ("DJG" or "Defendant") Unopposed Motion for Leave to Designate Responsible Third Parties. (Dkt. # 25.) After reviewing the Motion and the supporting memoranda, the Court **GRANTS** Defendant's Motion for Leave to Designate Responsible Third Parties. (Id.)

BACKGROUND

　　　On April 26, 2013, Jessica Delgado and Carlos Levario ("Plaintiffs") were travelling in Mr. Levario's 2008 Chevrolet Silverado on FM1936 in Ector County, Texas, ("Compl.," Dkt. # 1, Ex. A, ¶ 5) when their car was struck by a

1

2008 Chevrolet Silverado driven by Michael Blake Helms. (Compl. ¶ 5; Dkt. # 25, Ex. A, at 1–2.)  Plaintiffs' late daughter, Priscilla Levario, was a rear seat passenger in Mr. Levario's car, and was seated in an Alpha Omega Elite 5 point harness.  (Compl. ¶¶ 6–7.)  This child seat was allegedly manufactured by defendant in November, 2009.  (Id.)  Plaintiffs claim that the buckle on the car seat was reversed and failed to stay buckled during the crash, causing Priscilla Levario to be ejected during the crash.  (Id. ¶ 8.)  As a result of the ejection, Priscilla Levario suffered fatal injuries.  (Id. ¶ 17.)

The police report from the incident states that prior to the accident, Mr. Helms "disregarded the stop signal and proceeded into the intersection, striking" Plaintiffs' car and causing the accident, was intoxicated at the time of the accident, and that the car Mr. Helms drove at the time of the accident belonged to Kathy Dosier.  (Dkt. # 25, Ex. A.)

On April 27, 2015, Jessica Delgado and Carlos Levario ("Plaintiffs") filed suit against DJG in the 14th Judicial District Court of Dallas County, Texas, alleging that DJG was "negligent in the design, manufacture, assembly, marketing, and/or testing of the [Alpha Omega Elite 5 point harness] child seat."  (Dkt. # 1, Ex. A, ¶ 14.)  Plaintiffs allege that these negligent defects were the proximate cause of "the fatal injuries to the minor Plaintiff, Priscilla Levario," as well as the proximate cause of their damages.  (Id. ¶¶ 15–16.)

Defendants removed the suit to the U.S. District Court for the Northern District of Texas on June 17, 2015. (Dkt. # 1.) The suit was transferred to the Western District of Texas on August 20, 2015. (Dkt. # 13.) On November 17, 2015, Defendants filed the instant Unopposed Motion to Designate Responsible Third Parties. (Dkt. # 25.) Defendant seeks to designate Michael Blake Helms, as "the driver of the vehicle that struck Plaintiffs," as well as Kathy Dosier as "owner of the vehicle, as responsible third parties for apportioning liability" pursuant to Texas Civil Practice and Remedies Code § 33.004. (Dkt. # 25 at 1.)

## LEGAL STANDARD

Section 33.004 of the Texas Civil Practice and Remedies Code permits a defendant "to designate a person as a responsible third party" in a lawsuit, so long as the Defendant does so at least sixty days before trial. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a). The Texas Civil Practice and Remedies Code defines a responsible party as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these." Ellis v. United States, 673 F.3d 367, 372 n. 3 (5th Cir. 2012) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 33.011(6)); see also Nationwide Lloyds Ins. Co. v. Norcold,

3

Inc., No. A-09-CA-113 LY, 2009 WL 3381523, at *2 (W.D. Tex. Oct. 19, 2009). This standard "allows a defendant liberally to designate responsible third parties, including parties not subject to the court's jurisdiction, immune from suit or who are unknown." Id. (quoting Fisher et al. v. Halliburton et al., No. H-05-1731, 2009 WL 1098457 at * 1 (S.D. Tex. Apr. 23, 2009)); see also Bueno v. Cott Beverages, Inc., No. CIV.A. SA04CA24XR, 2005 WL 647026, at *2 (W.D. Tex. Feb. 8, 2005). The standard for designating responsible third parties is permissive; "[a] court shall grant leave to designate the named person as responsible third party unless another party files a [timely] objection." Tex. Civ. Prac. & Rem. Code Ann. § 33.004(f). The Plaintiff bears the burden of proving that the Defendants have not made a sufficient pleading. See Norcold, 2009 WL 3381523, at *2. "[A] pleading is sufficient if it gives notice of the cause of action and facts being alleged so that the opposing party may adequately prepare a defense." Id. (citing Tex. R. Civ. P. 47(a)).

## ANALYSIS

Here, Defendant has moved to designate responsible third parties well in advance of sixty days before the trial.[1] A finder of fact may determine that Mr. Helms, the purported driver of the Chevrolet Silverado which struck Plaintiffs, caused or contributed to the harms alleged in the instant lawsuit. It is possible that

---

[1] Here, discovery is due by July 8, 2016, and a trial has not yet been set. (Dkt. # 10; Dkt. # 22.)

Helms drove negligently, violated applicable legal standards regarding driving while intoxicated, or both. Further, a finder of fact may determine that Ms. Dosier, the purported owner of the Chevrolet Silverado which struck Plaintiffs, contributed to the harms alleged in the instant lawsuit when she allowed Mr. Helms to drive her car. This motion is unopposed, and Plaintiffs have not filed a timely objection. The pleadings supporting the motion sufficiently state both the facts alleged and the basis for such facts, such that both Mr. Helms and Ms. Dosier can prepare an adequate defense.

For the reasons discussed above, this Court finds that Defendant's Motion for Leave to Designate Responsible Third Parties meets the requirements of Texas Civil Practice and Remedies Code Section 33.004. Accordingly, this Court **GRANTS** DJG's Motion for Leave to Designate Responsible Third Parties. Pursuant to Texas Civil Practice and Remedies Code, Michael Blake Helms and Kathy Dosier are hereby designated as responsible third parties.[2]

---

[2] See Tex. Civ. P. & Rem. Code § 33.004(h) ("By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter.").

CONCLUSION

For the reasons stated above, the Court **GRANTS** DJG's Unopposed Motion for Leave to Designate Responsible Third Parties. (Dkt. # 25.)

**IT IS SO ORDERED.**

**DATED:** Midland, Texas, December 7, 2015.

_____
David Alan Ezra
Senior United States Distict Judge